DLD-052                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-3535 & 10-3715 (consolidated)
_____

FREDRICK ROLLE,
                                            Appellant

v.

WILLIAM SCISM, Warden
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-01383)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 6, 2011

Before: BARRY, FISHER and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 6, 2011)
_____

OPINION
_____

PER CURIAM

        Fredrick Rolle appeals from two orders entered by the District Court.  The first

order dismissed for lack of subject matter jurisdiction Rolle's amended habeas petition

brought under 28 U.S.C. § 2241. The second order denied Rolle's motion for leave to proceed in forma pauperis (IFP) on appeal from the first order. Because we agree with the District Court that Rolle cannot challenge his federal conspiracy conviction with a § 2241 petition, and that he instead must do so pursuant to 28 U.S.C. §§ 2244 and 2255, we will summarily affirm the District Court's order's dismissing his habeas petition. We will dismiss as moot Rolle's appeal from the District Court's second order, as we have already granted the relief he asks for: permission to proceed IFP on appeal.

I.

In May 2006, Rolle pleaded guilty in the United States District Court for the Western District of New York to the crime of conspiracy to possess with intent to distribute five grams or more of cocaine. The plea agreement provided that Rolle would waive his right to challenge his conviction and sentence by either direct appeal or collateral attack. It also provided that the Government would refrain from filing an Information under 21 U.S.C. § 851, which would have subjected Rolle, a prior offender, to a much stiffer sentence. In August 2006, Rolle was sentenced to the agreed-upon term of 150 months of imprisonment. Rolle's direct appeal was dismissed on the basis of the plea agreement's appellate waiver, and his first § 2255 motion was dismissed on the basis of the collateral attack waiver.

In July 2010, Rolle filed a § 2241 habeas petition in the United States District Court for the Middle District of Pennsylvania. Therein, Rolle requested "immediate release from illegal detention." He claims that his detention is illegal because, among

other things, it violates the Administrative Procedures Act, because Rolle is "a secret detainee in secret detention," and because of unspecified hate crimes. Finding that Rolle failed "to state any facts in support of the grounds in his Petition," the District Court concluded that it was "impossible to screen his claims to determine whether he is challenging his conviction or whether he is challenging the execution of his sentence." Accordingly, the District Court ordered Rolle "to file an amended petition within fourteen (14) days clearly setting forth facts in support of his grounds for relief."

Rolle filed an amended § 2241 petition that closely resembled the original. The petition did specify, however, that Rolle believed § 2255 to be "inadequate or ineffective to test the legality of [his] detention." Rolle also included a claim of actual innocence. The District Court construed Rolle's amended petition as an unauthorized § 2255 motion and, by order entered August 16, 2010, dismissed the petition for lack of subject matter jurisdiction. Rolle appealed. See CA No. 10-3535. Rolle also filed in the District Court a motion to proceed IFP on appeal, which the District Court denied by order entered August 31, 2010. Rolle filed a second notice of appeal. See CA No. 10-3715. On October 7, 2010, we granted Rolle's IFP motion, and consolidated his two appeals.

II.

As we have granted Rolle leave to proceed IFP on appeal, his appeal at No. 10-3715 will be dismissed as moot. See Burns v. Pa. Dep't of Corr., 544 F.3d 279, 283 (3d Cir. 2008); Gen. Elect. Co. v. Cathcart, 980 F.2d 927, 934 (3d Cir. 1992) ("[A]n appeal

will be dismissed as moot when events occur during [its] pendency . . . which prevent the appellate court from granting any effective relief.") (citation omitted).

## III.

We have jurisdiction over the appeal at No. 10-3535 pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). A certificate of appealability is not required for appeals in § 2241 habeas proceedings. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We exercise plenary review over the District Court's legal conclusions, and review any factual findings for clear error. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002). Summary affirmance is proper when "it clearly appears that no substantial question is presented . . .." Third Circuit I.O.P. 10.6.

The presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence is by motion pursuant to 28 U.S.C. § 2255, unless such a motion would be "inadequate or ineffective." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Rolle's lack of success with a previous § 2255 motion does not, by itself, render § 2255 inadequate or ineffective; nor does AEDPA's restriction on filing successive § 2255 motions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Moreover, we agree with the District Court that Rolle's case does not fit within the narrow set of circumstances in which a § 2255 motion would be inadequate or ineffective to challenge a conviction. See, e.g., In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (allowing prisoner who had previously filed a § 2255 motion to bring claim via § 2241 where there had been an intervening change in substantive law that the

petitioner had no prior opportunity to challenge).  We thus conclude that the District

Court properly dismissed Rolle's § 2241 petition for lack of subject matter jurisdiction.

See Okereke, 307 F.3d at 121.[1]

IV.

Accordingly, because no "substantial question" is presented as to the dismissal of

Rolle's habeas petition, we will summarily affirm the order of the District Court entered

August 16, 2010.  We will dismiss as moot the appeal taken from the order of the District

Court entered August 31, 2010, which denied Rolle leave to proceed IFP on appeal.

---

[1] We note for Rolle's benefit that should he choose to file another § 2255 motion, he must obtain authorization to do so in accordance with the procedures outlined in 28 U.S.C. §§ 2244 and 2255.